UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jennifer Gonzalez<br><br>     Plaintiff,<br>v.<br><br>Experian Information Solutions, Inc., Equifax Information Services, LLC, Transunion, LLC, and The Terminix International Company Limited Partnership<br><br>     Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1.   This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in New Haven County, Connecticut and Defendants do business in Connecticut.

4.   Personal Jurisdiction exists over Defendants as Plaintiff resides in Connecticut, Defendants have the necessary minimum contacts with the state of

Connecticut, and this suit arises out of specific conduct with Plaintiff with Connecticut.

## PARTIES

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of New Haven County, Connecticut.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is a limited liability company existing and operating under the laws of the State of Connecticut that engages in the business of maintaining and reporting consumer credit information.

8. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Connecticut of CT Corporation System 67 Burnside Ave. East Hartford, CT 06108.

9. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company existing and operating under the laws of the State of Connecticut that engages in the business of maintaining and reporting consumer credit information.

10. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Connecticut of Corporation Service Company, 100 Pearl St. 17th Floor, Hartford, CT 06103.

11. Defendant Transunion, LLC ("Transunion") is a limited liability company existing and operating under the laws of the State of Connecticut that engages in the business of maintaining and reporting consumer credit information.

12. Transunion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Connecticut of Prentice-Hall Corporation System, Inc., 100 Pearl St. 17th Floor, Hartford, CT 06103.

13. Defendant The Terminix International Company Limited Partnership ("Terminix") is a limited partnership company existing and operating under the laws of the State of Connecticut and is a furnisher of consumer credit information.

14. Terminix is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Connecticut of CT Corporation System, 67 Burnside Ave. East Hartford, CT 06108.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

15. Plaintiff is a consumer who is the victim of inaccurate reporting by Experian, Equifax, Transunion, and Terminix ("Defendants") and has suffered particularized and concrete harm.

16. Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

17. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18. Experian, Equifax, and Transunion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

19. On or about August 11, 2021, Plaintiff discovered the Defendant Terminix account (the "Account") being reported in error.

20. Defendant Terminix is reporting a balance due and owing on the Account is false.

21. No balance is due and owing on the Account because Plaintiff paid off the Account.

22. Despite receiving the full benefit of the Account with Plaintiff, Defendant Terminix continued to report a balance due and owing on Plaintiff's Equifax, Experian, and Transunion consumer reports.

23. Experian, Equifax, and Transunion published the false information regarding Plaintiff to third parties.

24. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## WRITTEN DISPUTE

25. On or about August 11, 2021, Plaintiff sent a written dispute letter to Experian, Equifax, and Transunion ("Dispute Letters"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer Experian, Equifax, and Transunion report.

26. Experian, Equifax, and Transunion each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying personal identifying information with respect to the disputed information and the accuracy of the disputed information.

27. Experian, Equifax, and Transunion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

28. At no point after receiving the Dispute did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

29. Experian, Equifax, and Transunion each relied on their own judgment rather than grant credence to the information provided by Plaintiff.

## C<small>OUNT</small> I – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

30.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31.     After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

32.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

33.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34.     The conduct, action, and inaction of Experian was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35.     In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## **COUNT II – Experian**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

39. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

40. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and

usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

46. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of Defendant Equifax,

Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

49. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

53. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such

inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

54. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. Defendant Equifax conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

56. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V– TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

60. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

61. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

65. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

66. After receiving the Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

67. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

68. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – Terminix

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

72. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73. After receiving the Disputes, Terminix failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

74. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Terminix's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Terminix's representations to consumer credit reporting agencies, among other unlawful conduct.

75. As a result of this conduct, action, and inaction of Defendant Terminix, Plaintiff suffered damages, and continues to suffer, actual damages, including

economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. Defendant Terminix's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77. In the alternative, Defendant Terminix was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

Plaintiff is entitled to recover costs and attorneys' fees from Defendant Terminix pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendant for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   October 20, 2021

/s/Kathryn R. Sylvester
Kathryn R. Sylvester, Esq.
PO Box 5076
Woodbridge, CT 06524
Ksylvester1@hotmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff
